UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TRINA LAREE DOUGHTY,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

NO: 1:17-CV-3105-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary
judgment (ECF Nos. 14 and 16). This matter was submitted for consideration
without oral argument. The Court has reviewed the administrative record and the
parties' completed briefing and is fully informed. For the reasons discussed below,
the Court grants Defendant's motion and denies Plaintiff's motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),
1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) ("We reject any invitation to find that the ALJ failed to account for Valentine's injuries in some unspecified way" where the Plaintiff "does not detail what other physical limitations follow from the evidence of his . . . injuries, besides the limitations already listed in the RFC.").

"Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159

(quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). "This is a highly deferential standard of review." *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citation omitted). That is, if the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. However, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id*.

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's residual functional capacity ("RFC"). The RFC, defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis. In determining the claimant's RFC, the ALJ must take all of the claimant's impairments into account, regardless of whether the impairments are labeled "severe" at step two. 20 C.F.R. §§ 404.1520(a)(4)(iv-v), 416.920(a)(4)(iv-v).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Bray,* 554 F.3d at 1222.

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on May 24, 2013, alleging a disability onset date of December 31, 2010. Tr. 19. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 19. A hearing was held before an Administrative Law Judge ("ALJ") on September 21, 2015. Tr. 19.

The ALJ rendered a decision denying Plaintiff benefits on January 21, 2016. Tr. 37.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2013. Tr. 22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2010, the alleged onset date. Tr. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: interstitial cystitis (IC); cervical radiculopathy; carpal tunnel syndrome (CTS); pain disorder; and obesity. Tr. 22. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 27. The ALJ then determined that Plaintiff had the residual functional capacity to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can frequently handle and / or finger, but occasionally balance, stoop, kneel, and crouch. She cannot climb ladders, ropes, or scaffolds, climb ramps or stairs, or crawl. In addition, she must avoid concentrated exposure to extreme cold, vibration, and hazards. She can perform simple, routine tasks and follow short, simple instructions. The claimant can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. She requires a work environment that is predictable and with few work setting changes. She can work in proximity to co-workers, but not in a cooperative or team effort. Lastly, the claimant requires a work environment without public contact.

Tr. 28.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 35. The ALJ found that Plaintiff was a "younger individual" on the alleged disability onset date as defined in 20 C.F.R. §§ 404.1563 and 416.963. Tr. 36. The ALJ also found Plaintiff "has at least a high school education and is able to communicate in English" and that transferability of job skills is not material to the determination of disability[.]" Tr. 36. At step five, the ALJ found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform[,]" Tr. 36, assembler (DOT # 706.687-010), hand packager (DOT #559.687-074), assembler (DOT #734.687-018), and Patcher / bench worker (DOT #723.687-010). Tr. 36. The ALJ concluded that – based upon these findings – Plaintiff was not disabled under the Social Security Act and denied her claims on that basis. Tr. 40.

The Appeals Council denied Plaintiff's request for review on April 25, 2016, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-3; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises three issues for review:

1. Whether the ALJ committed reversible error in analyzing Plaintiff's severe impairments;

2. Whether the ALJ committed reversible in finding Plaintiff's symptom testimony was not entirely credible; and

3. Whether the ALJ committed reversible error in weighing the medical opinion evidence.

ECF No. 14 at 8.

## DISCUSSION

### A. **Plaintiff's Severe Impairments**

Plaintiff argues the ALJ failed to identify all of Plaintiff's severe impairments, ECF No. 14 at 8-9, and that this "plain error is fatal to the ALJ's finding of non-disability[,]" ECF No. 14 at 10. The Commissioner concedes the ALJ failed to identify all of Plaintiff's severe impairments, *see* ECF No. 16 at 4 n.1, but argues that the error is harmless because (1) the ALJ otherwise found Plaintiff had severe impairments, (2) Plaintiff does not allege any severe impairment would meet or equal an enumerated listing, and (3) the limitations underlying the impairments – whether labeled severe or not – were considered in the RFC. ECF No. 16 at 4-5. The Court agrees.

As discussed above, the ALJ must determine if any severe impairments exist at step two of the analysis.[1] 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

---

[1] An impairment is severe if it significantly limits a claimant's ability to do basic work activities. 20 CFR §§ 404.1521, 416.921.

Importantly, step two merely involves "a threshold determination meant to screen out weak claims . . . It is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). If the ALJ finds the claimant suffers from a severe impairment, the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ must determine whether the severe limitation meets or equals an enumerated impairment, 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a severe limitation does meet or equal an enumerated impairment, the claimant is entitled to benefits; if not, then the analyses proceeds to step four, 20 C.F.R. §§ 404.1520(d), 416.920(d). Thereafter, the ALJ must determine the claimant's RFC, which is a function by function analysis of the claimant's ability to work based on *all of the claimant's symptoms,* regardless of whether it is labeled a severe impairment or not at step two; the final steps – step four and five – are based on the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv-v), 416.920(a)(4)(iv-v).

As a result, the failure to identify an impairment as severe at step two is harmless error unless (1) the ALJ does not otherwise identify a severe limitation, thus prematurely ending the five-step analysis, *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (citation omitted) (step two error was harmless because the ALJ considered the limitations at the later steps); or (2) the severe impairment the ALJ failed to recognize meets or equals an enumerated impairment, which would have

established an entitlement to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Here, the ALJ identified several other severe impairments and Plaintiff does not argue the severe limitations not identified would meet or equal an enumerated listing at step three, *see* ECF Nos. 14; 16 at 6. Accordingly, the error in failing to label a particular impairment as severe is harmless in this case. This does not foreclose a challenge to the RFC based on an alleged failure to take the impairment into account. Indeed, Plaintiff also challenges the RFC finding when addressing its challenge to the ALJ's finding at step two.

Specifically, Plaintiff argues the ALJ failed in assessing Plaintiff's RFC because (1) the ALJ failed to explain how the evidence supported the assigned RFC and (2) the ALJ did not discuss Plaintiff's personal statements concerning her mental limitations or her psychological treatment of record in formulating the mental RFC. ECF No. 14 at 11. However, contrary to Plaintiff's contentions, the ALJ gave adequate explanation in reaching the assigned RFC, *see* Tr. 27-35, and the ALJ fully considered Plaintiff's limitations. Notably, although the ALJ did not extensively discuss the mental limitations and its impact on the RFC, Plaintiff barely mentioned her mental limitations at the hearing. Plaintiff mentions depression at the hearing, but does not state anywhere how it affects her ability to work, only that her inability to do strenuous activities with her family is discouraging. Tr. 65. Further, Plaintiff cites Tr. 1151 for the proposition that the

ALJ did not accept or reject the specific limitations "that she would have intermittent difficulty maintaining attendance or completing a workday without psychological interruptions." ECF No. 14 at 1. However, as discussed more below, the opinion of Dr. Dougherty was specifically not adopted by the ALJ. Plaintiff does not cite to any other limitation, and thus fails to meet her burden in showing the ALJ committed harmful error on this point. *Shinseki,* 556 U.S. at 409; *Valentine*, 574 F.3d at 692.

Further, a review of the record demonstrates the ALJ included significant mental limitations in the RFC that account for the opinions adopted by the ALJ. Specifically, the ALJ reasonably concluded – based on the posed limitations – that Plaintiff "can perform simple, routine tasks and follow short, simple instructions"; "can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period"; is limited to a "work environment that is predictable and with few work setting changes; and cannot work in a cooperative or team effort and that she "requires a work environment without public contact." Tr. 28. These limitations adequately take Plaintiff's alleged limitation into account.

Plaintiff otherwise argues that the ALJ erred in failing to make findings regarding her "diagnosis of connective tissue dysfunction" or her lumbar spine strain, erred in rejecting her post traumatic stress disorder (PTSD) as non-

medically determined. ECF No. 14 at 11. However, as Defendant notes, a physical therapist cannot diagnose a medial impairment. ECF No. 16 at 9 (citing 20 C.F.R. § 404.1513(a)); the ALJ did account for Plaintiff's lumbar spine strain, ECF No. 16 at 9 (citing Tr. 29, 938), and no specific limitation arising from the PTSD was proffered, ECF No. 16 at 9 (citing 20 C.F.R. §§404.1520(c), 416.920(c)).

Plaintiff also points to an alleged inconsistency in the ALJ's assessment of Plaintiff's impairments, ECF No. 14 at 9-10. However, as with the complaints above, Plaintiff has failed to explain how the RFC does not account for the alleged mental limitations or any other alleged impairments. This is fatal to Plaintiff's challenge to the RFC—it is Plaintiff's burden to demonstrate an error and resulting harm. *Molina,* 674 F.3d at 1111; *Shinseki,* 556 U.S. at 409; *Valentine*, 574 F.3d at 692.

B. **Plaintiff's Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 344-45 (9th Cir. 1991) (en banc). If an ALJ

finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan*, 246 F.3d at 1208.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" but found Plaintiff's

"statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Tr. 29. Plaintiff argues that "[t]he ALJ's credibility finding consists entirely of a recitation of the medical evidence of record, with no connection to any specific allegation from [Plaintiff] which is purportedly contradicted by this evidence . . . ." ECF No. 14 at 13.

Contrary to Plaintiff's contentions, the ALJ identified the specific allegations at issue and the records that purportedly conflicted with such allegations. The ALJ specifically stated that the record contradicted Plaintiff's claim that (1) her pain medication is just somewhat manageable and that (2) she had disabling pain and limitations. The ALJ then identified the basis for this conclusion: the physical examinations demonstrated Plaintiff's impairments were relatively mild, Tr. 30-32, 34, Plaintiff's pain was stable and controlled by medication, Tr. 29-33, 35, and Plaintiff is able to perform a wide range of daily living activities, including joining a gym, walking three nights per week, cleaning and cooking, and dropping off and picking up her daughter from school, Tr. 31, 35-36.

The ALJ's explanation is clear and convincing, and is supported by substantial evidence. First, the ALJ reasonably found Plaintiff's statements regarding her pain management were directly contradicted by the record, which

included numerous records stating Plaintiff's pain was stable and controlled. *Compare*, *e.g.*, Tr. 1241-71 (Plaintiff reported pain is stable and controlled in many visits from October 2011 to May 2013), *and* Tr. 1225-26 ("the medication seems to adequately manage her symptoms") *with* Tr. 65 (reporting that, at times, she could "take half a bottle and it wouldn't touch [her pain]. Probably 60 percent of the time I'm uncomfortable . . . ."). Second, the ALJ reasonably found Plaintiff's claim of total disability was inconsistent with Plaintiff's ability to care for herself, including driving her daughter to and from school on a regular and scheduled basis; this presents a clear and convincing reason for discrediting Plaintiff's claim of total disability, and is supported by substantial evidence. Tr. 35; *Molina*, 674 F.3d at 1113 (Even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). These inconsistencies present clear and convincing reasons for finding Plaintiff not entirely credible. *Chaudhry*, 688 F.3d at 672.

Plaintiff notes that an ALJ may not disregard testimony solely because it is not substantiated affirmatively by objective medical evidence, ECF No. 14 at 15, but this misses the point. The adverse credibility determination is based on inconsistencies between Plaintiff's representations at the hearing and at her appointments, not merely because the objective medical evidence does not support

the claimed severity. Finally, Plaintiff argues the ALJ "cherry picked" from the record in concluding Plaintiff's medication managed her pain. However, Plaintiff's statement was repeated over several years, so the statement is not an isolated remark. Moreover, Plaintiff fails to cite anything in the record to support her position that the pain was not managed through medication or that the records cited only show an occasional symptom-free period—citing only to a record indicating a pain level of five out of ten. ECF No. 14 at 15-16. Accordingly, the ALJ did not err in discrediting Plaintiff's symptom testimony.

## C. **Medical Opinion Evidence**

There are three types of physicians in the social security context: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan*, 246 F.3d at 1201-02 (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id*. In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id*. (citations omitted).

A treating physician's opinions are generally entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "[I]f a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight.'" *Orn*, 495 F.3d at 631 (quoting 20 C.F.R. § 404.1527(d)(2)) (brackets omitted). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation, internal brackets, and citation omitted).

1. **Dr. Virji**

Plaintiff argues the ALJ erred in finding Dr. Virji's opinion was consistent with the record:

1        While the ALJ found that Dr. Virji's reconsideration opinion from January
2 2014 was "consistent with the record", this is plainly inaccurate. Tr. 34. In
  his opinion, he stated, "Cl alleges interstitial cystitis. No mention of this in
3 [the record], no meds, [treatment], consults for this." Tr. 146. It defies
  reason to consider such an opinion to be "consistent with the record" when
4 there are hundreds of medical records in this case documenting Doughty's
  treatment for I.C.

5 ECF No. 14 at 19 (brackets in original).   Plaintiff does not explain how this alleged

6 error affected the decision.

7      A review of the ALJ's decision demonstrates that Plaintiff's underlying

8 premise – that the ALJ found Dr. Virji's opinion consistent with the record – is

9 patently contradicted by the ALJ's decision, which states:

10       Ultimately, some weight is given to the State agency medical consultant's
  opinions because they are fairly consistent with the evidence of record.
11   Specifically, they are consistent with the fact that the MRI of the claimant's
  cervical spine revealed mild spondylosis, but also with the fact that her
12   symptoms and pain have improved over time . . . .

13 Tr. 34. The ALJ only stated the opinion was *fairly* consistent with the record and

14 only accorded the opinion some weight.  Given this, it is unclear how the alleged

15 deficiency of Dr. Virji's opinion had any bearing on the ultimate finding of non-

16 disability, and Plaintiff has not discussed the point.  As such, Plaintiff has failed to

17 demonstrate the ALJ erred in assessing the opinion of Dr. Virji.  *Shinseki*, 556 U.S.

18 at 409-10; *Valentine*, 574 F.3d at 692.

19 //

20 //

### 2. **Dr. Merrill**

Plaintiff argues the ALJ failed to include – or properly reject – Dr. Merrill's opinion that Plaintiff should work near a restroom. ECF No. 14 at 19. However, as Defendant correctly points out, ECF No. 16 at 9, the opinion of Dr. Merrill – dated April 4, 2012, Tr. 89 – predates the alleged onset date for Plaintiff's application, and was considered in a previous application by Plaintiff for benefits. Tr. 82, 104 (claim filed in December 2011), 109 (prior claim became final as of April 24, 2012)). The ALJ specifically stated the opinion was only considered for the benefit of context, stating:

> Any discussion of evidence or opinions falling under the time period covered by the now administratively final determinations is not intended to reassess this evidence or these opinions. Rather, any discussion of this evidence or opinions is to establish a longitudinal picture and place into context my assessment of the evidence and opinions that pertain to the period of time that I am assessing. Such discussion also does not constitute an implied intent to reopen the prior claim. Further, I find no basis for reopening under SSR 91-5p.

Tr. 20. ECF No. 16 at 19. The ALJ did not have to consider or weigh the opinion of Dr. Merrill, and thus did not err. Tr. 20; *see Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) ("the report predates the period at issue, and is thus relevant only to Fair's burden of proving his condition has worsened").

//

//

### 3. **Dr. Dougherty**

Plaintiff argues the ALJ erred in discounting the opinion of Dr. Dougherty.

Dr. Dougherty indicated that Plaintiff *may* have certain limitations:

> Because of her intermittent depression she may have difficulty maintaining regular attendance in the workplace at times. She may also have difficulty completing a normal workday/workweek without interruptions from her depression at times. For the same reasons, she may have some difficulty dealing with the stress encountered in the workplace. Her medical difficulties appear to be the primary impediment to her working.

Tr. 1151. The ALJ accorded the opinion "some weight", but did not adopt the

limitation that Plaintiff would have difficulty maintaining regular attendance or

completing a normal workday / workweek. The ALJ reasoned:

> Some weight is given to Dr. Dougherty's opinions because his opinions appeared to be heavily based on the claimant's physical impairments rather than her mental impairments. Furthermore, he only examined her once and did not treat her. Lastly, his opinions are speculative in that he alleged [Plaintiff] only may have difficulties in the future, and not that she would have difficulties.

Tr. 26.

The last explanation given by the ALJ – that the opinion was speculative – is

sufficient for not adopting the limitation posed by Plaintiff. Because the

limitations posed by Dr. Dougherty conflicts with other medical opinions, the ALJ

need only provide a specific and legitimate reason for according his opinion less

weight. However, the ALJ's last reason for not adopting a more severe limitation–

that the opinion is speculative – is a matter of interpreting the medical opinion, as opposed to giving a reason for discounting it. The ALJ reasonably concluded that the opinion was couched in terms of possibility, rather than in definite terms, and reasonably chose to not adopt a limitation when it was not definitely stated in the opinion. An ALJ does not err in weighing a doctor's opinion when the ALJ does not reject the opinion, but reasonably interprets it as not supporting disability. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). The ALJ did not err. Plaintiff argues this reasoning is unsustainable because the opinion was based on Dr. Dougherty's medical expertise and judgment, ECF No. 14 at 20, but this misses the point. Based on Dr. Dougherty's medical expertise and judgment he said Plaintiff *may* have problems, not that she *would*. Tr. 26.

**IT IS HEREBY ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

    2. Defendant's Motion for Summary Judgment (ECF No. 16) is

       **GRANTED**.

    The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** March 12, 2018.



                        THOMAS O. RICE
             Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22